UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROUTEWARE, INC.,

    Plaintiff,

vs.                                  Case No. 3:22-cv-634-MMH-LLL

JOHN CARVER,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 78; Report) entered by the Honorable Laura Lothman Lambert, United States Magistrate Judge, on July 25, 2025. In the Report, Judge Lambert recommends that Plaintiff's Renewed Motion for Entry of Final Default Judgment and for Permanent Injunction and Incorporated Memorandum of Law (Doc. 77) be granted; Defendant be found liable to Plaintiff as to the single count in the Complaint; and the Clerk of the Court be directed to enter judgment and close the file. See Report at 17-18. No objections to the Report have been filed, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1).  However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions.  See 11th Cir. R. 3-1.[1]  As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice.  See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so.  See Report at 18.

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge with one clarification. With respect to the discussion on page 13 of the Report, the Court clarifies that through the well-pleaded allegations of the Complaint, Plaintiff has established that Defendant materially breached Section 4(b) of the NSCA agreement by "(3) using, disclosing, and divulging the Encore code for TSD's benefit; (4) not returning all company confidential information and property post-termination; (5) using a copy of the Encore software, which compromises plaintiff's proprietary, confidential, and trade secret information; and (6) using confidential information and knowledge about how Encore software operated within TSD's infrastructure and architecture."  Plaintiff has further established that Defendant materially breached Section 4(c) "of the NSCA agreement by maintaining Plaintiff's confidential and trade secret information, including, but not limited to, the confidential, proprietary, and trade secret information comprising the Encore software."

Accordingly, it is hereby

**ORDERED:**

1. The Report and Recommendation (Doc. 78), as clarified, is **ADOPTED** as the opinion of the Court.

2. Plaintiff's Renewed Motion for Entry of Final Default Judgment and for Permanent Injunction and Incorporated Memorandum of Law (Doc. 77) is **GRANTED**.

3. Defendant John Carver is liable to Plaintiff Routeware, Inc. as to the single count in the Complaint: Count I (Breach of Contract).

4. The Clerk of the Court is directed to enter judgment in favor of Plaintiff Routeware, Inc. and against Defendant John Carver.

5. Within **SIXTY (60) DAYS** of the entry of judgment, Defendant John Carver is directed to:

    a. Return to Routeware, Inc. all copies of its Encore software in his possession, if any;

    b. Identify and return all other Routeware, Inc. confidential, proprietary, and trade secret property/information that he has maintained post-termination;

    c. Describe all Routeware, Inc. confidential, proprietary, and trade secret property/information that he destroyed or deleted since his termination; and

    d. Cease and desist from further using, disclosing, accessing, altering, or deleting evidence of his breaches of the Non-Solicitation Confidentiality and Arbitration Agreement.

6. The Clerk of the Court is directed to terminate any pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 21st day of August, 2025.

_____
MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record

Pro Se Party